## SCHERMANN v. YELLOW CAB CO.
### No. 6610.

Circuit Court of Appeals, Seventh Circuit.

Dec. 22, 1938.

Rehearing Denied Feb. 16, 1939.

Charles V. Falkenberg, of Chicago, Ill., for appellant.

Harry I. Parsons, of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

The plaintiff-appellant sued defendant-appellee to recover damages for personal injuries, which were alleged to have been caused by the negligence of the defendant by and through its employee while the latter was driving and operating a taxicab in which plaintiff was a passenger. The trial resulted in a verdict of the jury for the plaintiff in the sum of $3,000. The trial

court entered judgment thereon, and from this judgment the plaintiff appeals. For cause of reversal plaintiff relies upon inadequacy of damages and certain rulings of the court made during the trial.

We shall first consider the allegedly prejudicial rulings.

■ Plaintiff complains of the trial court's "excluding the plaintiff from the court room during the progress of the trial." At the close of the direct examination of plaintiff, counsel for plaintiff called to the stand an X-ray technician who identified certain proffered exhibits. Plaintiff's counsel then offered as the next witness the plaintiff's attending physician, and thereupon the following colloquy ensued:

"Mr. Parsons: I was wondering if I couldn't finish my cross-examination of the plaintiff before the attending physician took the stand.

"Mr. Irwin: That is the reason I asked the question. The doctor has office hours.

"Mr. Parsons: That will be all right, if the plaintiff will step out of the room while he is testifying. I think there are some things about this doctor that will have some bearing.

. "Mr. Irwin: It is very unusual.

"The Court: I think it is proper under the circumstances.

"Mr. Irwin: If you require— They want you to step outside. (To plaintiff.) (Whereupon, the plaintiff left the courtroom, and the following proceedings were had):"

. . It is clear from the foregoing that the trial court did not order the plaintiff to be excluded during the examination of her attending physician; and there is no indication that such action would have been taken over plaintiff's objection. Also, it is apparent that defendant's counsel was not interested in having plaintiff "step out of the room" if he were permitted to cross examine her before her physician should testify. The Judge stated that he thought it was proper for the plaintiff to step out of the courtroom "under the circumstances," but plaintiff has preserved nothing in the record to disclose to us that any "circumstances" influenced the trial judge except the "circumstances" suggested in the colloquy. There was no motion by defendant that the Court request the plaintiff to "step out of the room" and no objection or exception by the plaintiff to the Court's

statement that he thought it proper "under the circumstances."

There is nothing in the record to present the question of the alleged error "in excluding the plaintiff from the courtroom during the progress of the trial."

■ Plaintiff urges that the trial court erred in each of three rulings on evidence. In one instance the trial court made no ruling since the plaintiff abandoned his question and indicated that he would substitute a hypothetical question later. In the other two instances the Court sustained defendant's objections to questions, one of which was objectionable for form and was confusing, and the other called for an answer which would have indicated that plaintiff was a passenger in the taxicab at the time of the injury. That fact was admitted and the Court so instructed the jury. No exception was taken to the Court's ruling on either objection and the failure to obtain answers to the questions could not have prejudiced plaintiff's cause.

■ In respect to the alleged inadequacy of damages the plaintiff insists that there is "no dispute as to the extent of the injury and disability of the plaintiff."

The verdict of the jury established that the plaintiff had suffered a personal injury as a result of the negligence of the defendant. But there was substantial evidence tending to show that plaintiff's disability was due to an old arthritic condition which existed before the accident. Also, there was substantial evidence that plaintiff's physical condition could not have resulted from any injury received in the accident. The jury reasonably could have found that plaintiff's disability was only partially attributable to the injury received in the accident, or that the disability was not as great as claimed. ·

The verdict of $3,000 was one for substantial damages, not nominal; and we cannot say, as a matter of law, that such sum was inadequate compensation for all of plaintiff's damages which were caused by the negligent act of the defendant.

The trial court reviewed the plaintiff's question of inadequacy of damages on the plaintiff's motion for a new trial and decided against plaintiff's claim. The evidence affords no ground for a holding that the trial court abused its discretion.

The judgment of the District Court is affirmed.